**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**

BEN FABRIKANT, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation,

Defendants.

Case No.: 1:20-cv-4818

Jury Trial Demanded

## CLASS ACTION COMPLAINT

1. Plaintiff BEN FABRIKANT ("Plaintiff") brings this Class Action Complaint against Defendants THE FEDERAL SAVINGS BANK ("FSB") and NATIONAL BANCORP HOLDINGS, INC. ("NBH") (collectively, "Defendants") to enjoin their unlawful practice of making unlawful robocalls to the cellular and residential telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

2. FSB is a Federal Savings Association that provides traditional banking services and also sells residential mortgages. NBH wholly owns FSB. As a part of their marketing of residential mortgages, Defendants sent thousands of artificial or prerecorded voice messages to consumers' telephones nationwide, including to Plaintiff and the Class.

3. Defendants did not obtain express consent prior to sending these artificial or prerecorded voice messages and, therefore, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with advertising and telemarketing on a grand scale.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop their unconsented calling, as well as an award of actual and statutory damages to Plaintiff and the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff is a natural person and is a citizen of Nebraska.

9. FSB is a Federally Chartered Savings Association with its principal place of business located at 300 North Elizabeth Street, Floor 3E, Chicago, Illinois 60607.

10. NBH is a Delaware corporation with its principal place of business located at 300 North Elizabeth Street, Floor 3E, Chicago, Illinois 60607.

11. FSB is wholly owned by NBH.

12. Among other lines of business, Defendants sell residential loans and mortgages.

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

14. This Court has personal jurisdiction over Defendants because Defendants' principal place of business is located in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

## COMMON FACTUAL ALLEGATIONS

16. Defendants sell residential mortgages.

17. Upon information and belief, to increase sales and avoid paying for legitimate forms of advertising, Defendants amassed a list of individuals who they determined might be potential customers for mortgage refinancing.

18. Upon information and belief, Defendants obtained this list of homeowners from sources other than Plaintiff and the Class members and without the knowledge, permission, or prior express consent of Plaintiff and the Class members.

19. Upon information and belief, Defendants sent or caused to be sent prerecorded or artificial voice messages to thousands of cellular and residential phones numbers on their list, including to Plaintiff's and Class members' telephones.

20. When Plaintiff and Class members answered their phones expecting to hear from a real person, Defendants pulled a bait and switch by playing an artificial or prerecorded voice message advertising mortgages.

21. Defendants failed to obtain prior express written consent from Plaintiff and the Class before bombarding them with these unlawful phone calls.

## FACTS SPECIFIC TO PLAINTIFF

22. On April 9, 2020, Plaintiff received a call on his residential phone number ending in 6251 from a number identified by Plaintiff's caller ID as (402) 503-2380.

23. The call was from a "spoofed" or fake area code that was designed to trick Plaintiff into answering, because Plaintiff's phone number also had the same area code.

24. When Plaintiff answered the call, Plaintiff heard a prerecorded or artificial voice message advertising mortgages.

25. The prerecorded voice said to "press 1" to be connected to a representative about "refinancing a mortgage."

26. When Plaintiff responded to the automated prompts, Plaintiff was connected with a person who identified himself as Douglas S., a mortgage broker with FSB.

27. Douglas S. solicited Plaintiff on the phone for Defendants' residential mortgage products.

28. Later that day, Plaintiff also received an email from Douglas S.

29. Plaintiff never consented to receive calls from Defendants. Plaintiff had no prior relationship with Defendants.

30. Defendants' call violated Plaintiff's statutory rights and caused actual and statutory damages. Additionally, the unlawful call caused annoyance, intrusion on Plaintiff's privacy and seclusion, and wasted Plaintiff's time.

## CLASS ALLEGATIONS

31. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a Class defined as follows:

> All persons in the United States who: (1) since August 17, 2016, (2) were called on their cellular or residential telephone number to promote

Defendants' residential mortgages, (3) using an artificial or prerecorded voice message.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to the thousands of consumers who make up the Class because the typical and customary reason artificial and prerecorded voice messages in a telemarketing campaign such as the one at issue are used is to call a large number of consumers at low cost . Members of the Class can be identified through Defendants' records. Furthermore, FSB boasts funding $6 billion worth of home loans in 2019 alone.[1]

33. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and

[1] https://www.thefederalsavingsbank.com/ (last visited Aug. 14, 2020).

the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

35. **Policies Generally Applicable to the Class**: The Class is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge to those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether Defendants violated the TCPA;

b. Whether Plaintiff and the Class were called on their residential and cellular phones;

c. Whether the phone calls were each made using an artificial or prerecorded voice message;

d. Whether the calls were caused by Defendants;

e. Whether the calls promoted or advertised Defendants' products and services;

f. Whether Defendants obtained prior express written consent to make the calls;

g. Whether members of the Class are entitled to damages based on Defendants' violations of the TCPA, and whether they are entitled to enhanced damages under the TCPA for Defendant's knowing and/or willful violation of the TCPA.

37. **Superiority**: The Class is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Plaintiff and the Class members were called on their residential and cellular telephones.

40. The calls were not made for an emergency purpose.

41. The calls were made using an artificial or prerecorded voice message without prior express written consent, as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

42. As a result of their unlawful conduct, Defendants invaded Plaintiff's and the Class's personal privacy, causing them to suffer injury in fact and damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 for each violation and an injunction requiring Defendants to stop their unlawful calling campaign.

43. Further, Defendants made the TCPA-violating calls willfully and knowingly under 47 U.S.C. § 227(b)(3)(C), such that it would appropriate to award Plaintiff and each Class member $1,500 per violation under 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BEN FABRIKANT, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative, and appointing his counsel as Class counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly;

D. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory and enhanced damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

BEN FABRIKANT, individually, and on behalf of all others similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.

Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*www.attorneyzim.com*

Mark L. Javitch (pending *pro hac vice admission*)
*mark@javitchlawoffice.com*
Javitch Law Office
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

Attorneys for Plaintiff and the putative Class